IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

BRYAN KEITH BOWSER,

        Plaintiff,

v.                                CIVIL ACTION NO.   3:15-11417

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

**MEMORADUM OPINION AND ORDER**

This action was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that Plaintiff's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and that the decision of the Commissioner be affirmed. Plaintiff has filed objections to the Proposed Findings and Recommendation. For the following reasons, the Court **DENIES** Plaintiff's objections.

**I.
STANDARD OF REVIEW**

This Court must "make a de novo determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1), in part. The scope of this Court's review of the Commissioner's decision, however, is narrow: This Court must uphold the Commissioner's factual findings "if they are

supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "'more than a mere scintilla'" of evidence, but only such evidence "'as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

In conducting this review, this Court also must address whether the Administrative Law Judge (ALJ) analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another). It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted). If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citation omitted). "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id*. (citation omitted).

## II.
## DISCUSSION

Plaintiff's first objection is that the Magistrate Judge erred in finding that the ALJ properly assessed his residual functional capacity (RFC). Specifically, Plaintiff argues that, despite the fact the ALJ found that he was "not entirely credible," SSR 96-8p requires the ALJ to consider such things as his medical signs, laboratory findings, recorded observations, and effects of treatment on his ability to function. In addition, Plaintiff alleges that the ALJ did not provide a function-by-function analysis and was required to include a narrative discussion of his RFC, with evidence supporting the decision. Here, Plaintiff argues the ALJ's discussion and analysis are insufficient to provide meaningful review.

As stated by the Magistrate Judge, however, the ALJ included a substantive discussion of Plaintiff's medically determinable impairment. *Proposed Findings and Recommendation,* at 17, ECF No. 15. The ALJ discussed Plaintiff's medical records and treatment, but noted Plaintiff "testified that he was able to do most activities of daily living without significant limitation." *Decision by the ALJ*, at 5, Tr. 15, ECF No. 8-2, at 16. The ALJ found Plaintiff appeared to exaggerate and the available evidence failed to support his statements regarding the severity of his symptoms and/or his functional limitations. *Id.* Based upon this Court's review of the ALJ's decision, and for the reasons more fully set forth by the Magistrate Judge, the Court finds that the ALJ did provide a narrative explanation as to Plaintiff's RFC and the RFC is supported by substantial evidence. Therefore, the Court **DENIES** Plaintiff's first objection.

Next, Plaintiff asserts the Magistrate Judge erred in emphasizing a lack of evidence during the relevant time period. Plaintiff alleged an onset date of October 11, 2007.[1] Plaintiff's date last insured (DLI) was December 31, 2010. In support of his claim, Plaintiff submitted evidence prior to the relevant period from on or about November 2005 to July 2007. However, Plaintiff did not seek any treatment during the relevant period of his claim. In fact, Plaintiff did not seek treatment again until August 2013, nearly three years after his DLI. In December of 2013, Plaintiff underwent a total left knee replacement, with no complications. *Decision of ALJ*, at 5, Tr. 15, ECF No. 8-2, at 16. The ALJ noted Plaintiff was doing well following his surgery. *Id*. at 6, Tr. 16, ECF No. 8-2, at 17. "He had active full extension against gravity and flexion to 110 degrees with no instability noted. He walked with a cane in the opposite hand and no motor or sensory deficits to the lower extremity were noted." *Id*. at 5, Tr. 15, ECF No. 8-2, at 15.

"To establish eligibility for Social Security disability benefits, a claimant must show that he became disabled before his DLI." *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337, 340 (4th Cir. 2012) (citations omitted). In *Bird*, the Fourth Circuit held that medical evaluations conducted after a claimant's DLI "are not automatically barred from consideration and may be relevant to prove a disability arising before the claimant's DLI." 699 F.3d at 340 (citations omitted). Moreover, medical evidence of a claimant's condition after the DLI is admissible and should be given retrospective consideration when the "evidence permits an inference of linkage with the claimant's pre-DLI condition." *Id*. at 341.

---

[1] Plaintiff originally alleged an onset date of April 1, 2005, but amended the date to October 11, 2007. Tr. at 11, 124.

Here, Plaintiff insists the evidence demonstrates that his bilateral knee impairment worsened by August 2013, and he asserts the ALJ should have determined he was disabled after his date last insured.[2] Plaintiff argues that, because there was no treatment during the relevant period, the ALJ should have conducted a function-by-function analysis and obtained an updated opinion from a qualified medical expert. The ALJ also should have consulted a medical advisor to determine whether his disability started during the relevant time period. Plaintiff argues the ALJ instead improperly relied upon her own lay interpretation of the medical evidence.

As fully explained by the Magistrate Judge, however, the ALJ was not required to obtain an updated medical opinion in this case. The ALJ gave little weight to the opinion of the State agency physical consultant Rabah Boukhemis, MD, who opined Plaintiff did not have a severe physical impairment. *Proposed Findings and Recommendation*, at 22, ECF No. 15. Instead, the ALJ found there was sufficient evidence to demonstrate that Plaintiff's bilateral knee degenerative joint arthritis supported a finding of a severe impairment prior to his DLI. *Decision by the ALJ*, at 3 & 6, Tr. 13 & 16, ECF No. 8-2, at 14 & 17. Nevertheless, despite evidence of a severe impairment, the ALJ found it was not sufficient to establish Plaintiff met or medially equaled a Listing level impairment. The ALJ discussed and considered the post-DLI evidence and determined "the record does not support the claimant's allegations of symptoms so severe as to preclude performance of any work since the amended alleged onset date." *Id*. Therefore, the ALJ concluded the record supports a finding that Plaintiff retained the ability to work with limitations. *Id*. As the ALJ did not find that the additional evidence submitted following state review would

---

[2]Specifically, Plaintiff argues that Medical-Vocational Rule 202.06 warranted a disability finding as of October 11, 2012, which was is when he turned 55 years old.

have changed the consultants' opinions as to whether Plaintiff met or equaled the requirements of any Listed impairment or that the additional evidence suggested that a judgment of equivalence may be reasonable, the ALJ was not obligated to consult a medical expert. *See* SSR 96-6p, 1996 WL 374180.[3] Therefore, the Court denies Plaintiff's second objection.

Accordingly, based upon a review of the entire record and the ALJ's decision, the Court finds no reason to reverse the ALJ's decision and finds it is supported by substantial evidence. Therefore, the Court **DENIES** Plaintiff's objections (ECF No. 16), **ACCEPTS** and **INCORPORATES** herein the Findings and Recommendation of the Magistrate Judge (ECF No. 15),

---

[3]The Policy Interpretation of this section provides:

> When an administrative law judge . . . finds that an . . . impairment(s) is not equivalent in severity to any listing, the requirement to receive expert opinion evidence into the record may be satisfied by any of the foregoing documents signed by a State agency medical . . . consultant. However, an administrative law judge . . . must obtain an updated medical opinion from a medical expert in the following circumstances:
>
> When no additional medical evidence is received, but in the opinion of the administrative law judge . . . the symptoms, signs, and laboratory findings reported in the case record suggest that a judgment of equivalence may be reasonable; or
>
> When additional medical evidence is received that in the opinion of the administrative law judge . . . may change the State agency medical . . . consultant's finding that the impairment(s) is not equivalent in severity to any impairment in the Listing of Impairments.
>
> When an updated medical judgment as to medical equivalence is required at the administrative law judge level in either of the circumstances above, the administrative law judge must call on a medical expert.

*Id.* at \*\*3-4, in part.

**DENIES** Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10), **GRANTS** the like motion of Defendant (ECF No. 12), **AFFIRMS** the decision of the Commissioner, and **DISMISSES** this matter from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Aboulhosn, counsel of record, and any unrepresented parties.

ENTER: September 28, 2016

_____
ROBERT C. CHAMBERS, CHIEF JUDGE